IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-HC-02043-M-RJ

DECONNIS U. SIMMONS, )
)
          Petitioner, )
)
    v. )        ORDER
)
LESLIE COOLEY-DISMUKES, )
)
         Respondent. )

This cause is before the court on petitioner's pending motions. See [D.E. 6, 9, 10, 14].

The court will address respondent's pending motion to dismiss the petition in a forthcoming order.

Relevant Procedural History:

On March 11, 2026, Deconnis U. Simmons ("petitioner"), a state inmate, filed *pro se* a

petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet. [D.E. 1]. On March 25, 2026,

the court allowed the action to proceed, Order [D.E. 4], and petitioner filed a motion for

"amendment or adjustment of the record [sic]," Mot. [D.E. 6]. On April 23, 2026, petitioner filed

a "constructive notice and facts in support of request for declaratory decree [sic]." See [D.E. 9].

On April 27, 2026, petitioner filed a "request for preliminary and preventive injunction [sic]."

Mot. [D.E. 10]. On May 4, 2026, respondent moved to dismiss the action as barred by the statute

of limitations, not cognizable, or procedurally defaulted, Mot. [D.E. 11], and filed a memorandum

and exhibits in support [D.E. 12]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.

1975) (per curiam), the court notified petitioner about the motion to dismiss, the response deadline,

and the consequences of failing to respond [D.E. 13]. On May 18, 2026, petitioner filed a motion

for a temporary restraining order ("TRO") and a "temporary injunction [sic]." Mot. [D.E. 14].

<u>Discussion</u>:

First, as to the motion for "amendment or adjustment of the record [sic]," Mot. [D.E. 6], petitioner's arguments regarding the use of his name and inmate number are meritless, <u>see</u>, <u>e.g.</u>, <u>Bond v. N. Carolina Dep't of Corr.</u>, No. 3:14-CV-379-FDW, 2014 WL 5509057, at *1 (W.D.N.C. Oct. 31, 2014) (finding frivolous a prisoner's argument he is "held hostage under a fictitious name" by the State of North Carolina); <u>McCullough v. United States</u>, No. 3:11CV176, 2011 WL 3652332, at *2 (E.D. Va. Aug. 18, 2011) (unpublished) ("Arguments based on [the "redemptionist theory"] and other similar theories have been rejected by courts as being frivolous and a waste of judicial resources." (internal quotations and citations omitted) (collecting cases)). Also, contra petitioner's arguments seeking to add different respondents, Leslie Cooley-Dismukes, Secretary of the North Carolina Department of Adult Correction, is the proper respondent in this action, <u>see</u> N.C. Gen Stat. § 148-4; <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434–35 (2004). To the extent petitioner seeks a jury trial or a "special suit," these are unavailable in federal habeas review. <u>See</u> 28 U.S.C. §§ 2243, 2253(a). As to petitioner's request to add exhibits, he may file a response to respondent's motion to dismiss. Accordingly, the court DENIES this motion [D.E. 6].

The court also DENIES petitioner's meritless "constructive notice and facts in support of request for declaratory decree [sic]" [D.E. 9] (objecting to names for petitioner and respondent).

Finally, the court considers petitioner's motions seeking a preliminary injunction or a TRO. <u>See</u> [D.E. 10, 14]. In his "request for preliminary and preventive injunction [sic]," petitioner states, among other things, that interference with his prison mail has prevented his access to the courts, he was transferred to Scotland C.I. where he was placed in a single cell and stripped of his legal books, and he needs immediate assistance to prepare his legal matters. <u>See</u> Mot. [D.E. 10].

2

In his motion for a TRO and "temporary injunction [sic]," petitioner states, *inter alia*, that: prior interference with his prison mail prevented access to the courts; on April 21, 2026, he mailed a civil rights complaint; on April 22, 2026, he was transferred to Scotland C.I. where his medications and legal property were taken from him; when he said he wished to keep unspecified legal materials, manuscripts, and business plans, Lieutenant Sessum at Scotland C.I. refused, stating, "I know, that's why you are not getting them"; he has not received grievance responses at Scotland C.I.; on April 30, 2026, a medical provider at Scotland C.I. told him his medications were confiscated as contraband; he is confined to segregated housing with execrable conditions; these events were orchestrated in retaliation against him; "withholding property (legal books/paper and medical) is/may cause irreparable harm as pertains to health, memory recollection, and litigating [sic]"; and he is entitled to a TRO or injunction for return of his property, immediate release from custody, or examination and treatment by a medical specialist for injuries. See Mot. [D.E. 14].

Petitioner fails to show clear entitlement to the requested injunctive relief. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (outlining standard for preliminary injunction); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (noting the Supreme Court rejected the standard allowing a "plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." (quotation omitted)), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam); U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (applying same standard for preliminary injunction and TRO); Taylor v. Freeman, 34 F.3d 266, 268–69 (4th Cir. 1994) (noting courts only

3

grant injunctive relief involving the management of prisons in extraordinary circumstances); see also Lewis v. Casey, 518 U.S. 343, 355 (1996) (discussing the right to access the courts); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (discussing inmate property deprivation); Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (noting inmates lack entitlement to release before expiration of a valid sentence); O'Bar v. Pinion, 953 F.2d 74, 82–84 (4th Cir. 1991) (noting inmates have no right to transfer or non-transfer); Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (noting changes to "prisoners' location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges . . . are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively.").

Finally, petitioner's Scotland C.I. conditions-of-confinement claims arose in the judicial district of the U.S. District Court for the Middle District of North Carolina, see 28 U.S.C. § 113(b) and are appropriately addressed in a civil rights action, see Nelson v. Campbell, 541 U.S. 637, 643, 646 (2004). These claims are DISMISSED WITHOUT PREJUDICE, but the court makes no findings as to petitioner's likelihood of success with such claims in any future civil rights action.

Conclusion:

Accordingly, the court DENIES petitioner's motions [D.E. 6, 9, 10, 14], DIRECTS the clerk to substitute Leslie Cooley-Dismukes as the respondent in this action, but ALLOWS petitioner until July 2, 2026, to file any further response to respondent's pending motion to dismiss.

SO ORDERED this ___10th___ day of June, 2026.

RICHARD E. MYERS II
Chief United States District Judge

4